FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2007 OCT 10 PM 4:51
CLERK
SO. DIST. OF GA.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| RODNEY ALLEN FULLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CV406-172 |
| | ) | |
| CALVIN D. MORTON and | ) | |
| JAMES E. DONALD, | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, the petition should DENIED.

I.  BACKGROUND

On September 17, 2001, a Liberty County grand jury indicted petitioner on a charge of malice murder. Resp. Ex. 4. On April 22, 2002, a jury convicted petitioner on the lesser included charge of voluntary manslaughter, and the court sentenced him to eighteen years' imprisonment. Id. Petitioner pursued a direct appeal in the Georgia Court

of Appeals, alleging three enumerations of error committed in the trial court. Resp. Ex. 4. The court of appeals affirmed his convictions and sentences on January 23, 2004. Fuller v. State, 593 S.E.2d 724 (Ga. App. 2004).

Petitioner filed a state habeas petition on September 20, 2004. Resp. Ex. 1. Following an evidentiary hearing, the state habeas court denied relief on September 7, 2005. Resp. Ex. 2. The Georgia Supreme Court denied petitioner's application for certificate of probable cause to appeal on May 9, 2006. Resp. Ex. 3.

Petitioner executed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on July 18, 2006, asserting the following grounds for relief:

(1) The conviction rests on evidence obtained pursuant to a coerced confession;
(2) The conviction rests on evidence obtained in violation of the Fourth Amendment;
(3) The conviction rests on evidence pursuant to an unlawful arrest;
(4) Trial counsel was ineffective for failing to file a proper motion to suppress.

Doc. 1.

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Court must first determine the scope of its review of the state court's legal and factual determinations. In Neelley v. Nagle, 138 F.3d 917, 922-25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine the "clearly established" law by "'survey[ing] the legal landscape' at the time the state court adjudicated the petitioner's claim to determine the applicable Supreme Court authority . . . ." Id. at 923.[1] A legal principle is

---

[1] Only the rules articulated by the Supreme Court may be considered to determine the reasonableness of a state court decision. Lindh v. Murphy, 96 F.3d 856, 869 (9th Cir. 1996) (en banc) rev'd on other grounds 117 S. Ct. 2059 (1997). "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their

3

"clearly established" if "Supreme Court precedent would have compelled a particular result in the case." Id.; see also Hogan v. Hanks, 97 F.3d 189, 192 (7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

The court must then determine whether a state court's adjudication of the claim was "contrary to" the clearly established Supreme Court precedent. Neelley, 138 F.3d at 923. A decision is "contrary to" the then-existing federal law if the state court either failed to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts. Id. at 923, 924.

If the state court has applied the proper law, the federal court must then determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court authority. Id. at 924. This provision refers to mixed questions of law and fact. Id.; Drinkard v. Johnson, 97 F.3d 751, 767 (5th Cir. 1996) cert. denied, 52 U.S. 1107, 117 S. Ct. 1114 (1997); Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir. 1996) (en

---

own jurisprudence in addition to that of the Supreme Court." Id. at 869. Furthermore, it is only the holdings, not the dicta, of Supreme Court decisions that constitute "clearly established Federal law" within the meaning of the statute. Williams v. Taylor, 529 U.S. 362, 412 (2000).

4

banc), rev'd on other grounds, 117 S. Ct. 2059 (1997).[2] Under this standard of review, a federal court may not grant habeas relief based on its mere disagreement with the state court's decision because "[t]his would amount to de novo review, which Congress clearly did not intend." Neelley, 138 F.3d at 924; see H.R.Conf.Rep. No. 518, 104th Cong., 2nd Sess. 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, 944 (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,' nor an 'unreasonable application of,' clearly established federal law"). The Seventh Circuit summarized its interpretation of amended § 2254(d)(1):

> The Supreme Court of the United States sets the bounds of what is "reasonable"; a state decision within those limits must be respected — not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a judgment entered by another judicial system after full litigation is reserved for grave occasions. That is the principal change effected by § 2254(d)(1).

Lindh, 96 F.3d at 871.

Noting that two courts "can differ over the proper resolution of a close

---

[2]The Supreme Court held in Lindh that the standard of review provisions in § 2254(d) do not apply to cases that were pending at the time the AEDPA went into effect. 527 U.S. 320, 326 (1997).

5

question without either viewpoint being unreasonable," the <u>Neelley</u> court concluded that a federal court may grant the writ "'only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.'" <u>Neelley</u>, 138 F.3d at 924 (quoting <u>Drinkard</u>, 97 F.3d at 769). "In effect, a reasonable, good faith application of Supreme Court precedent will immunize the state court conviction from federal habeas reversal, even if federal courts later reject that view of the applicable precedent." <u>Mata v. Johnson</u>, 99 F.3d 1261, 1268 (5th Cir. 1996), <u>vacated in part on other grounds</u>, 105 F.3d 209 (5th Cir. 1997).³

The Eleventh Circuit has recognized that the "reasonable jurist"

---

³The Seventh Circuit likewise held that a perfunctory analysis is sufficient as long as the state court's conclusion is reasonable:
> [O]f course the better the job the state court does in explaining the grounds for its rulings, the more likely those rulings are to withstand further judicial review. That is just realism. It doesn't follow that the criterion of a reasonable determination is whether it is well-reasoned. It is not. It is whether the determination is at least minimally consistent with the facts and circumstances of the case.

<u>Hennon v. Cooper</u>, 109 F.3d 330, 335 (7th Cir. 1997) (Posner, J.); <u>see</u> <u>Sweeney v. Parke</u>, 113 F.3d 716, 718 (7th Cir. 1997) (holding state court determination reasonable if minimally consistent with facts and circumstances of case). The court suggested that the term "unreasonable" was stronger than "erroneous" and perhaps stronger than "clearly erroneous." <u>Hennon</u>, 109 F.3d at 334 (citation omitted); <u>see also</u> <u>Holman v. Gilmore</u>, 126 F.3d 876, 882 (7th Cir. 1997) (finding only clear error in applying <u>Strickland</u> would justify granting habeas relief); <u>Berryman v. Horton</u>, 100 F.3d 1089, 1103 (3d Cir. 1996) (finding state court determination reasonable unless it makes "grave error").

standard, which the Neelley court identified as the third step in applying § 2254(d)(1), was squarely rejected by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 409-10 (2000). Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001). In Williams the Supreme Court held that a federal court applying the "unreasonable application" clause of § 2254(d)(1)

> should ask whether the state court's application of clearly established federal law was *objectively* unreasonable. The federal habeas court should not transform the inquiry into a subjective one by resting its determination instead on the simple fact that at least one of the Nation's jurists has applied the relevant federal law in the same manner the state court did in the habeas petitioner's case.

Williams, 529 U.S. at 409-10 (emphasis added). The court then emphasized that a federal court may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 410. With these considerations in mind, the Court will now turn to petitioner's asserted grounds for relief.

## III. ANALYSIS

### A. Procedural Default

In his first three grounds for relief petitioner alleges that his conviction rested on evidence obtained pursuant to (1) a coerced confession, (2) a violation of the Fourth Amendment, and (3) an unlawful arrest. Doc. 1. Petitioner raised these claims in his direct appeal, and the Georgia Court of Appeals found that each ground was procedurally barred for failure to assert it in the trial court. Fuller v. State, 593 S.E.2d 724, 725 (Ga. App. 2004). Under Georgia law, claims not timely raised at trial or on direct appeal are procedurally defaulted and no habeas relief may be granted. O.C.G.A. § 9-14-48(d) (creating both a contemporaneous objection rule for trial and an abandoned objection rule for direct appeal); Agan v. Vaughn, 119 F.3d 1538, 1549 (11th Cir. 1997); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985). The authority of federal courts to review a state criminal conviction is strictly constrained when a petitioner procedurally defaulted on his claim by failing to follow applicable state procedural rules. Sims v. Singletary, 155 F.3d 1297, 1311 (11th Cir. 1998); Johnson v. Singletary, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal habeas review . . . is barred

unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).

Petitioner has shown no cause or prejudice for his procedural default, or demonstrated his "actual innocence," either before the state court of appeals or this Court. Thus, petitioner has presented no basis for excusing his procedural default. "A federal court must dismiss those claims or portions of claims that are procedurally barred under state law." Sims, 155 F.3d at 1311 (citations omitted). Accordingly, the Court recommends that petitioner's claims under grounds 1, 2, and 3 be DENIED.[4]

---

[4] Additionally, petitioner is barred from litigating his Fourth Amendment claim on collateral federal review. Stone v. Powell, 428 U.S. 465 (1976).

## B. Ineffective Assistance of Counsel

In ground 4, petitioner alleges that his trial counsel was ineffective for failing to file a proper motion to suppress in order to preserve petitioner's claims on appeal. Doc. 1. Petitioner raised this claim in his state habeas petition before the Superior Court of Charlton County, which found that petitioner had failed to meet his burden of showing ineffectiveness of trial counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Resp. Ex. 2 (state habeas decision). Under Strickland, a defendant must first demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

The state habeas court found that, on direct appeal, petitioner's counsel did allege that petitioner's statements should have been suppressed as the fruit of an unlawful arrest. Resp. Ex. 2. Petitioner's counsel explained that he did not challenge the arrest or move to suppress the

statements on that basis at trial because he believed that the arrest was lawful. Id. The court further held that petitioner failed to demonstrate that had this argument been asserted and preserved, it would have affected the result of his trial or appeal. Id. The state habeas court therefore concluded that counsel's performance was neither deficient nor harmful to petitioner, and did not amount to ineffective representation under Strickland. Id.

In evaluating this claim, the state habeas court applied Supreme Court precedent and concluded that trial counsel's performance did not constitute ineffective assistance of counsel as contemplated in Stickland. This Court must adhere to that court's reasonable application of proper Supreme Court precedent and find that petitioner's claims on the above grounds are without merit. Accordingly, the Court recommends that this claim be DENIED.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that petitioner fails to state grounds on which § 2254 relief may be granted. Accordingly, the instant

petition should be DENIED.

SO REPORTED AND RECOMMENDED this 10TH day of October, 2007.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

| | |
|---|---|
| RODNEY ALLEN FULLER, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>CALVIN D. MORTON and )<br>JAMES E. DONALD, )<br>)<br>Respondents. ) | Case No. CV406-172 |

# ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ___ day of _____, 2007.

_____
JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

RODNEY ALLEN FULLER, )
)
   Petitioner, )
)
v. ) Case No. CV406-172
)
CALVIN D. MORTON and )
JAMES E. DONALD, )
)
   Respondents. )

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation, to which no objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted as the opinion of the Court.

**SO ORDERED** this ___ day of _____, 2007.

                                          JOHN F. NANGLE
                                          UNITED STATES DISTRICT JUDGE
                                          SOUTHERN DISTRICT OF GEORGIA